UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STARFLEET MARINE** | * | **CIVIL ACTION NO.** |
| **TRANSPORTATION, INC.** | * | |
| Plaintiff | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **NAUTICAL SOLUTIONS, L.L.C.** | * | |
| **And OFFSHORE SERVICE** | * | **MAGISTRATE:** |
| **VESSELS, L.L.C.** | * | |
| | * | |

**********************************************************************

## COMPLAINT

Plaintiff, Starfleet Marine Transportation, Inc. (hereinafter referred to as "Starfleet Marine"), for its Complaint against Offshore Service Vessels, L.L.C. and Nautical Solutions, L.L.C., respectfully represents, upon information and belief, as follows:

**I.**

This case is within the jurisdiction of this Court pursuant to 28 U.S.C § 1332, in that the matter in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY-FIVE THOUSAND DOLLARS, and there is complete diversity between plaintiff and defendants. As specifically alleged below, plaintiff is incorporated under the laws of the State of South Carolina and maintains its principal place of business in South Carolina, while defendants are companies formed under the laws of the State of Louisiana and maintain their principal place of business in Louisiana.

## II.

This case is also within the jurisdiction of this Court pursuant to 28 U.S.C § 1333 as it involves a dispute arising under the general maritime law and this Court has personal jurisdiction over the defendants. It is an admiralty or maritime claim as contemplated by Rule 9(h) of the Federal Rules of Civil Procedure.

## III.

Venue is proper in this District pursuant to United States Code Title 28, Section 1391 because the events or omissions giving rise to this claim occurred within the geographic boundaries of this Court and the defendants are domiciled in this District.

## IV.

At all material times, plaintiff, Starfleet Marine, was and still is a corporation organized and existing under the laws of South Carolina and maintains its principal place of business in South Carolina.

## V.

At all material times, defendant Nautical Solutions, L.L.C., was and still is a limited liability company organized and existing under the laws of Louisiana and maintains its principal place of business in Louisiana, within the jurisdiction of this Honorable Court.

## VI.

At all material times, defendant Offshore Service Vessels, L.L.C., was and still is a limited liability company organized and existing under the laws of Louisiana and

maintains its principal place of business in Louisiana, within the jurisdiction of this Honorable Court.

### VII.

At all material times, plaintiff, Starfleet Marine, was the owner and operator of M/V MISS LINDA LEE, which was staunch, tight, strong and seaworthy in all respects.

### VIII.

At all material times, defendant Nautical Solutions, L.L.C., was the owner and/or operator of M/V KIRT CHOUEST.

### IX.

At all material times, defendant Offshore Service Vessels, L.L.C., was the charterer and/or operator of M/V KIRT CHOUEST.

### X.

On or about the early morning of October 3, 2012, M/V MISS LINDA LEE was safely, properly, and securely moored in Bayou Lafourche in Fourchon, Louisiana, when suddenly and without warning, M/V KIRT CHOUEST, which was proceeding northbound in the Bayou, allided with M/V MISS LINDA LEE.

### X1.

The allision and all losses resulting therefrom and all damages occasioned thereby were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Starfleet Marine or anyone for whose conduct Starfleet Marine is responsible.

## XII.

The sole cause of the allision was the unseaworthiness of M/V KIRT CHOUEST and/or the negligence, omissions, and/or commissions on the part of the officers, captain and/or crew of M/V KIRT CHOUEST, as well as the mismanagement of said vessel due to their fault, carelessness and negligence for which defendants are solely liable, including, but not limited to, the following:

a. failing to follow applicable Rules of the Road/navigation rules and regulations;

b. failing to keep the vessel under control;

c. failing to maintain a proper lookout;

d. failing to maintain a proper, safe speed;

e. failing to take appropriate action to avoid the allision;

f. failing to maintain proper and adequate equipment on board the vessel;

g. failing to maintain the vessel and its equipment in proper working order;

h. failing to man the vessel adequately and properly; and

i. any and all other acts of negligence and/or unseaworthiness to be shown at trial.

## XIII.

Inasmuch as M/V KIRT CHOUEST, a moving vessel, allided with M/V MISS LINDA LEE while she was stationary and moored, M/V KIRT CHOUEST is presumed to be at fault in causing the incident.

## XIV.

As a result of the above allision, M/V MISS LINDA LEE sustained extensive damage, which forced her to be out of service during the period of repairs. As a further result of the allision, Starfleet Marine sustained the following damages:

    a.      Cost associated with the repairs to the vessel;

    b.      Labor and supervision charges;

    c.      Inspection/survey charges;

    d.      Downtime of the vessel resulting in economic losses, including loss of income;

    e.      Travel costs;

    f.      Any and all other damages that are established at the trial of this matter, plus interest from the date of loss and all costs of these proceedings.

## XV.

Defendants, Offshore Service Vessels, L.L.C. and Nautical Solutions, L.L.C., are liable to Starfleet Marine for all damages sustained as a result of the allision.

## XVI.

Starfleet Marine reserves the right to supplement and amend its Complaint as and when other facts become more fully known.

**WHEREFORE**, plaintiff, Starfleet Marine Transportation, Inc., prays that after due proceedings had:

1. there be judgment rendered herein in favor of Starfleet Marine Transportation, Inc., and against defendants, Nautical Solutions, L.L.C. and Offshore Service Vessels, L.L.C., for all damages that are reasonable in the premises, together with all legal interest from the date of loss until paid, for all costs of these proceedings, and for all general and equitable relief as may be deemed just and proper by this Honorable Court.

> Respectfully submitted,
>
> **LARZELERE PICOU WELLS
>   SIMPSON LONERO, LLC**
> Two Lakeway Center - Suite 1100
> 3850 North Causeway Boulevard
> Metairie, LA  70002
> Telephone:  504-834-6500
> Facsimile:  504-834-6565
>
> **BY:**   */s/ Mary K. Dennard*
> **MARY K. DENNARD (#18285)**
> mdennard@lpwsl.com
>
> **ATTORNEYS FOR PLAINTIFF, STARFLEET MARINE TRANSPORTATION, INC.**

6